# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WILLIAM J. RAINEY,

      Petitioner,  :  Case No. 3:12-cv-292

                                           :  District Judge Timothy S. Black
    -vs-                                          Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,

                                                    :

      Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner brought this action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted in the Montgomery County Common Pleas Court of two counts of rape of a child under thirteen and two counts of gross sexual imposition. on October 31, 2008. He is serving a sentence of fifteen years to life imprisonment in Respondent's custody and seeks release. The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

After his conviction, Rainey appealed to the Second District Court of Appeals which affirmed his conviction on November 6, 2009.[1] Rainey did not file a timely appeal to the Ohio Supreme Court; his time to do so expired December 21, 2009. He sought a delayed appeal on

---

[1] All dates herein are taken from the Petition or from documents on file at the Ohio Supreme Court website, www.supremecourt.ohio.gov.

1

December 12, 2011, but the Ohio Supreme Court declined that request. Thus his conviction became final for statute of limitations purposes on December 21, 2009. The statute would have begun to run on that date except that Rainey filed a petition for post-conviction relief on November 23, 2009. The Common Pleas Court denied the petition and the court of appeals affirmed on October 22, 2010. The timely post-conviction petition tolled the statute as long as it was pending, but time began to run on October 22, 2010, and expired a year later. Rainey did not file his Petition in this Court until September 6, 2012.

28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when

conducting an initial review under Rule 4 of the Rules Governing §2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

## Conclusion

Petitioner filed in this Court almost a year after the statute of limitations expired. The Petition should therefore be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Rainey should be denied a certificate of appealability and the Court should certify that any appeal would not be taken in objective good faith.

September 7, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).