UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. RAINEY, | : | Case No. 3:12-cv-292 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| TIMOTHY BRUNSMAN, WARDEN, | : | |
| | : | |
| Respondent. | : | |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND
RECOMMENDATIONS OF THE MAGISTRATE JUDGE (DOC. 3);
(2) OVERRULING PETITIONER'S OBJECTIONS (DOC. 5); (3) DISMISSING
THE PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE;
(4) DENYING ANY REQUESTED CERTIFICATE OF APPEALABILITY;
(5) CERTIFYING THAT ANY APPEAL WOULD BE OBJECTIVE FRIVOLOUS;
AND (6) TERMINATING THIS CASE**

This case is before the Court on the Report and Recommendations of the United States Magistrate Judge Michael R. Merz. (Doc. 3). The Magistrate Judge concludes that Petitioner's Petition for Writ of Habeas Corpus should be denied, a certificate of appealability should not be granted, and that any appeal would be objectively frivolous. Petitioner filed Objections to the Report and Recommendations (Doc. 5), which are now ripe for review.

Petitioner's Petition demonstrates that, on October 31, 2008, he was convicted of a number of sex offenses in the Montgomery County, Ohio Court of Common Pleas and subsequently sentenced on November 3, 2008 to fifteen years to life in prison. Petitioner

filed a direct appeal in the Ohio Second District Court of Appeals, in which he asserted the following six assignments of error:

> First, he contends his convictions are against the manifest weight of the evidence. Second, he claims the trial court erred in not allowing him to cross examine the victim regarding a prior false accusation. Third, he argues that prosecutorial misconduct deprived him of a fair trial. Fourth, he asserts that the trial court erred in not declaring a mistrial when two jurors saw him in handcuffs. Fifth, he contends the trial court erred in overruling his Crim. R. 29 motion for acquittal. Sixth, he raises a claim of cumulative error.

*State v. Rainey*, No. 23070, 2009 WL 3683634, *1 (Ohio App. Nov. 6, 2009). The Ohio court of appeals overruled each of Petitioner's six assignments of error and affirmed the judgment of the trial court. *Id*. at *8. Petitioner failed to timely file a direct appeal to the Supreme Court of Ohio. In 2011, Petitioner filed a motion for delayed appeal with the Supreme Court of Ohio, which the court denied without further explanation on February 1, 2012. *State v. Rainey*, 131 Ohio St.3d 1436, 960 N.E.2d 986 (Ohio 2012).

On November 23, 2009, Petitioner filed a motion for post-conviction relief in the state court, which was denied as untimely pursuant to Ohio Rev. Code § 2953.21(A)(2) and Ohio Rev. Code § 2953.23(A)(1). *State v. Rainey*, No. 23851, 2010 WL 4158517, *1 (Ohio App. Oct. 22, 2010). The state court of appeals affirmed the trial court's denial of Petitioner's state court motion for post-conviction relief. *Id*. at *3. Notably, "[p]rinciples of comity require federal courts to defer to a state's judgment on issues of state law and, more particularly, on issues of state procedural law." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001); *see also Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003). Where a "post-conviction petition was untimely, it was not 'properly filed' under state law, and

did not serve to toll the running of the statute of limitations under § 2244(d)(2)." *Ayala v. Dewitt*, 26 Fed.Appx. 379, 380 (6th Cir. 2001).[1]

Petitioner now files this Petition for Writ of Habeas Corpus asserting seven grounds for relief: (1) that the victim's testimony lacked credibility; (2) that he was denied a full and complete cross examination of witnesses; (3) prosecutorial misconduct; (4) he was prejudiced when two jurors saw him in handcuffs; (5) the trial court erred by failing to grant his motion for judgment of acquittal because insufficient evidence supports his convictions; (6) cumulative error; and (7) denial of his right to a fair trial resulted from prosecutorial misconduct and a biased trial court. These grounds were all presented to the state court of appeals in Petitioner's direct appeal, which the court decided against Petitioner. Again, Petitioner failed to timely seek review of that decision with the Supreme Court of Ohio.

In his Report and Recommendations, the Magistrate Judge recommends that Petitioner's Petition be summarily dismissed, pursuant to Rule 4 of the Rules Governing § 2254 Cases,[2] on the basis that Petitioner failed to file his Petition in this Court within the one year statute of limitations set forth in 28 U.S.C. § 2244(d). Pursuant to § 2244(d),

---

[1] In the Report and Recommendations (Doc. 3), the Magistrate Judge stated that Petitioner's "timely post-conviction petitioner tolled the statute as long as it was pending, but time began to run on October 10, 2010, and expired a year later." (Doc. 3, PAGEID 29). The Court notes that, based on the conclusions of the state courts, Petitioner's state post-conviction petition was not timely.

[2] Rule 4 specifically provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also Clark v. Waller*, 490 F.3d 551, 554 (6th Cir. 2007). As stated by the Sixth Circuit, the Rule "permits a district court to dismiss habeas petition *sua sponte* as an initial matter." *Scott v. Collins*, 286 F.3d 923, 929 (6th Cir. 2002), *abrogated on other grounds by Day v. McDonough*, 547 U.S. 198, 209-10 (2006).

federal "habeas petitions brought by prisoners challenging state-court convictions must be filed within one year from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Torres v. Davis*, 416 Fed. Appx. 480, 481 (6th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)). The limitation period in the AEDPA "is not jurisdictional[,]" but the respondent may raise the untimeliness of the petition as "an affirmative defense . . . in its answer to a habeas petition." *Id*. (citing *Day v. McDonough*, 547 U.S. 198 (2006)). "[D]istrict courts, while under no obligation to do so, are permitted to raise the issue sua sponte." *Id*. (citing *Day* 547 U.S. at 208–09).

  Here, Petitioner does not object to the Magistrate Judge's determination that his Petition is untimely under § 2244(d). Instead, Petitioner appears to argue that the doctrine of equitable tolling applies in this case. "[T]he AEDPA statute of limitations is 'subject to equitable tolling in appropriate cases.'" *Id*. (citing *Holland v. Florida*, ––– U.S. –––, 130 S.Ct. 2549, 2560 (2010)). "[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Id*. (quoting *Keenan v. Bagley*, 400 F.3d 417 (6th Cir. 2005); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552 (6th Cir.2000)). One asserting "equitable tolling bears the burden of proving he is entitled to it." *Id*. (citing *Robertson v. Simpson*, 624 F.3d 781 (6th Cir. 2010)). However, "[e]quitable tolling should be invoked 'sparingly,' and a petitioner seeking equitable tolling must show both

4

that he diligently pursued his rights and that some extraordinary circumstance prevented timely filing." *Id.* (citing *Roberston*, 624 F.3d at 784; *Holland*, 130 S.Ct. at 2562).

Petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562. Having been placed on notice that his petition is subject to dismissal under Rule 4 by the Report and Recommendations of the Magistrate Judge, *see Torres*, 416 Fed Appx. at 481, Petitioner argues the existence of extraordinary circumstances and diligence by focusing on his purported lack of access to a law library and his *pro se* status. However, a petitioner's *pro se* status and limited law library access is insufficient to "warrant the equitable tolling of AEDPA's limitations period." *Hall v. Warden*, 662 F.3d 745, 751-52 (6th Cir. 2011); *see also United States v. Stone*, 68 Fed. Appx. 563, 565-66 (6th Cir. 2003).

Petitioner also alludes to a heart operation, diabetes and sleep apnea in an effort to apply the doctrine of equitable tolling to this case. However, Petitioner fails to set forth any specifics regarding his purported heart operation, *i.e.*, notably when the operation occurred. In addition, Petitioner fails to show how any of these health conditions prevented him from diligently pursuing his rights or timely filing his petition in this Court. Finally, while Petitioner references actual innocence, beyond merely setting forth the phrase, he fails to elaborate any further in that regard.[3] Accordingly, the Court

---

[3] "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Benge v. Johnson*, 474 F.3d 236, 245 (6th Cir. 2007) (citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996)"

concludes that Petitioner's Petition is time-barred and he fails to demonstrate that he is entitled to equitable tolling.

In addition to the Magistrate Judge's finding that the Petition was not timely filed pursuant to 28 U.S.C. § 2244(d), the Court notes that Petitioner failed to timely file a direct appeal to the Supreme Court of Ohio and that his motion for delayed appeal was simply denied without further explanation. *Rainey*, 131 Ohio St.3d 1436. Further, Petitioner failed to timely file his state post-conviction petition. *Rainey*, 2010 WL 4158517 at *1-3. Under such circumstances, federal habeas review is foreclosed on procedural grounds. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).[4]

As stated by the Sixth Circuit:

> When a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."

*Id*. at 497 (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)). "To show cause, a petitioner must show that 'some objective factor external to the defense impeded . . . his efforts to comply with the State's procedural rule.'" *Burroughs v. Makowski*, 411 F.3d 665, 667 (6th Cir. 2005). Here, Petitioner makes no such showing that some objective

---

[4] As stated by the Supreme Court of the United States, "the Courts of Appeals have unanimously held that, in appropriate circumstances, courts, on their own initiative, may raise a petitioner's procedural default, *i.e.,* a petitioner's failure properly to present an alleged constitutional error in state court, and the consequent adequacy and independence of state-law grounds for the state-court judgment." *Day v. McDonough*, 547 U.S. 198, 206 (2006) (citing *Brewer v. Marshall*, 119 F.3d 993, 999 (1st Cir. 1997); *Rosario v. United States*, 164 F.3d 729, 732 (2nd Cir. 1998);*207 *Sweger v. Chesney*, 294 F.3d 506, 520 (3rd Cir. 2002); *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999); *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998); *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998); *King v. Kemna*, 266 F.3d 816, 822 (8th Cir. 2001) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1073 (9th Cir. 2003); *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002); *Moon v. Head*, 285 F.3d 1301, 1315, n. 17 (11th Cir. 2002)).

factor external to the defense impeded his ability to timely seek a direct appeal in the Supreme Court of Ohio.  The procedural history outlined above shows that instead of timely seeking a direct appeal to the Supreme Court of Ohio following the November 6, 2009 decision of the state court of appeals, Petitioner initiated an untimely state post-conviction proceeding on November 23, 2009.

Accordingly, as required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the findings of the Magistrate Judge and considered the issues, including issues of equitable tolling, *de novo*.  Based upon the reasoning and citations of authority set forth by the Magistrate Judge, the Court: (1) **ADOPTS** the Report and Recommendations (Doc. 3) in its entirety; (2) **OVERRULES** Petitioner's Objections (Doc. 5); (3) **DENIES** and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus with prejudice; (4) **DENIES** any request for a certificate of appealability under 28 U.S.C. § 2253(c); (5) **CERTIFIES** that any appeal would be objectively frivolous and **DENIES** any request for leave to appeal *in forma pauperis*; and (6) **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**

Date:  2/14/13                                                             *s/ Timothy S. Black*
                                                                                               Timothy S. Black
                                                                                               United States District Judge

7